Terry LAUGHLIN, et al.

v.

FALCON OPERATORS, INC., et al.

No. Civ.A. 00–1484.

United States District Court,
E.D. Louisiana.

April 12, 2001.

502

Robert Lansden, Ponchatoula, LA, for plaintiffs.

Michael L. McAlpine, Richard Abelard Cozad, John R. Fitzgerald, Larry Stephen Cox, McAlpine, Peuler & Cozad, New Orleans, LA, for Falcon Operators, Inc., defendant.

Thomas Livingston Gaudry, Jr., Thomas W. Darling, Windhorst, Gaudry, Ranson, Higgins & Gremillion, LLP, Gretna, LA, for Stone Energy Corp., defendant.

William Bryon Schwartz, Brien Jospeh Fricke, Burke & Mayer, New Orleans, LA, for Ensco Offshore Co., defendant.

### ORDER AND REASONS

VANCE, District Judge.

Before the Court are plaintiff Ronald Guidry's motion for leave to file a supplemental and amended complaint and defendant ENSCO's motion to dismiss pursuant to Rule 12(b)(6) and/or motion for summary judgment. For the reasons stated, the Court GRANTS the motion for leave to file a supplemental and amended complaint and GRANTS ENSCO's motion for summary judgment.

## I. BACKGROUND

This case arises out of an accident that occurred on April 21, 2000, when a lift barge, the L/B JOHNETTE, owned by Falcon Operators, Inc., capsized and became partially submerged while positioning itself next to a platform owned by Stone Energy Corporation. In the ensuing litigation, three plaintiffs, Ronald Guidry, Scotty Cothran, and the representatives of the decedent Karold Dupre, filed claims against ENSCO Offshore Company. Plaintiffs allege that ENSCO's jack up drilling rig performed work at the location of the accident two weeks earlier and left "can holes" in the seabed that caused or contributed to the capsizing of the L/B JOHNETTE. ENSCO now claims that it owes no duty to plaintiffs and moves to dismiss plaintiffs' claims for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment as a matter of law. None of the three plaintiffs has filed an opposition to ENSCO's motion. Plaintiff Guidry has filed a motion for leave to supplement and amend his complaint to add allegations of negligence against ENSCO.

## II. DISCUSSION

### A. Guidry's Motion to Amend the Complaint

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend the party's pleading by leave of court. *See* FED. R. CIV. P. 15(a). The Court will allow Guidry to amend his complaint. However, this amendment does not serve as a response

to ENSCO's motion to dismiss or for summary judgment.

## B. Summary Judgment Standard

Defendant alternatively moves to dismiss this action for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment under Rule 56. The Court will deal with defendant's motion as a motion for summary judgment under Rule 56 because matters outside of the pleadings have been presented to and will be considered by the Court. *See* Fed. R. Civ. P. 12(b)(6).

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir.1990) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n. 14 (5th Cir.1994). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one for which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554; *see also Lavespere*, 910 F.2d at 178.

The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. Additionally, the nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325, 106 S.Ct. at 2553–54; *Little*, 37 F.3d at 1075. The nonmovant may not rest upon conclusory allegations, unsubstantiated assertions, or merely a scintilla of evidence. *See Little*, 37 F.3d at 1075.

### 1. No Duty to Plaintiffs

ENSCO entered into a contract with Stone, an independent oil and gas company, under which ENSCO would act as a drilling contractor to drill for oil and gas on offshore properties owned or leased by Stone. Under the terms of the contract, ENSCO provided a mobile offshore drilling unit to drill a well in South Timbalier, Block 8. In early April 2000, the ENSCO unit was towed to location and its three legs jacked into the seabed to elevate the hull to a position where it could begin drilling. At the bottom of each leg was a permanently affixed spud tank or "can" measuring 44 feet in diameter and 18 feet in height. These cans penetrated the seabed to provide stability to the drilling vessel.

When Stone hired ENSCO as a drilling contractor, it retained the responsibility for selecting, marking and clearing the drill site and for notifying ENSCO of any pipelines, cables, boulders, mud filled depressions, or faulty bottom conditions in the area. (*See* Mem. Supp. Def.'s Mot. Summ. J. Ex. 2 at 6.) Stone was also obliged to furnish clearances to enter upon and depart from the drilling location, provide surveying services and marker buoys to mark the locations, and provide sea

floor surveys. (*See id.* Ex. 2 App. D at D–1.) On April 5, 2000, ENSCO completed its work at the location and removed the rig's legs from the seabed to their transport position. On April 6, 2000, the unit was towed from the site.

On April 13, 2000, Stone entered into an agreement with Falcon, by which Falcon agreed to perform various services at the South Timbalier, Block 8. (*See id.* Ex. 4.) ENSCO was not a party to this agreement. (*See id.*) Sometime after April 13, 2000, but before April 21, 2000, Falcon's barge, the L/B JOHNETTE, positioned itself next to the Stone facility and jacked its legs into the seabed. The vessel remained there for a few days, left the site, and returned on April 21, 2000. On this date, the L/B JOHNETTE capsized with plaintiffs Guidry, Dupre, and Cothran aboard. Guidry was employed by Falcon, and Dupre and Cothran were employed by Chet Morrison Contractors, Inc.

Plaintiffs assert that the L/B JOHNETTE's leg was lowered into a can hole created by ENSCO when it was at the Stone work site a couple of weeks earlier. Plaintiffs assert claims of negligence against ENSCO for: failure to provide claimants with a reasonably safe work place; failure to adequately survey the ocean bottom prior to jack-up; failure to ensure the absence of sea floor depressions or obstacles; failure to perform a job safety analysis; failure to perform or require performance of a proper pre-load analysis; supervisory negligence; breach of its duty of reasonable care; failure to exercise reasonable care for the safety of the persons on the L/B JOHNETTE; creation of a hazard and/or unsafe condition and failure to eliminate such condition; knowledge of the hazards in question and failure to recognize such hazards; observance of the hazards and/or unsafe conditions alleged and failure to correct, eliminate and/or

warn thereof; and other acts of fault and/or negligence. Plaintiff Guidry's amended complaint also includes allegations that ENSCO was negligent in leaving can holes in the seabed, failing to warn Guidry, Falcon, and Stone of the can holes, and failing to return the sea bottom to its original state. (*See* Pl.'s Supplemental and Am. Compl. ¶ 30.)

■ ENSCO submits, and plaintiffs do not dispute, that plaintiffs have asserted claims for maritime negligence against ENSCO. Under maritime law, in order to prove negligence, a plaintiff must demonstrate that there was a duty owed by the defendant to plaintiff, breach of this duty, injury sustained by plaintiff, and a causal connection between the defendant's conduct and that injury. *See In re Cooper/T. Smith, et al. v. Gnots–Reserve, et al.,* 929 F.2d 1073, 1077 (5th Cir.1991). Furthermore, the resulting injury must have been foreseeable. *See id.*

■ ENSCO argues that it did not owe a duty to plaintiffs. Whether a defendant owes a duty is a question of law. *See Florida Fuels, Inc., et al. v. Citgo Petroleum Corp., et al.,* 6 F.3d 330, 333 (5th Cir.1993). Plaintiffs have provided no evidence demonstrating that ENSCO owed them a duty. ENSCO and plaintiffs had no direct relationship, and ENSCO was not present at the site at the time of the accident. Further, plaintiffs have pointed to no statutory, contractual, or customary duty to fill the can holes or warn about their existence, nor have they pointed to any other facts from which a duty would arise. ENSCO, on the other hand, has provided evidence showing the absence of a duty to plaintiffs, based on industry custom and Stone's obligations for the work site under the contract between ENSCO and Stone. (*See* Def.'s Mem. Supp. Mot. Summ. J. Ex. 1, 2). Because plaintiffs have produced no evidence in response to

defendant's showing, plaintiffs have failed to create a triable issue, and summary judgment must be granted.

## III. CONCLUSION

For the reasons stated, the Court grants plaintiff's motion for leave to supplement and amend his complaint and grants EN-SCO's motion for summary judgment. Accordingly, plaintiffs' claims against EN-SCO are dismissed.